# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

| | | |
|---|---|---|
| ROBERT CLAY SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 5:20-cv-00012-KDB-DSC |
| | ) | |
| BRANCH CIVIL INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT PROTECTIVE ORDER

It is hereby ORDERED by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. Counsel for any party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL" or "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER." "Confidential" information or documents may be referred to collectively as "confidential information."

    a. "Confidential Information" means and includes the following:

        i. information that constitutes confidential, proprietary, or financial business information, trade secrets, strategic business records, or information subject to a legally protected right of privacy or a confidentiality agreement with a third party;

        ii. information regarding or other documents containing private employment-related information, health-related information, spouse and other dependent information, and all personally identifiable information, to include names, dates of birth, addresses,

4851-0592-7074.2

1

Case 5:20-cv-00012-KDB-DSC   Document 11   Filed 04/17/20   Page 1 of 6

personal images, telephone numbers, email addresses, emergency contact information, social security numbers, driver's license numbers, criminal records, background checks or other reference check information, and/or documents related to employee domestic or financial obligations, such as child support orders and garnishments and bank account information;

       iii.    medical records and reports; psychological records and reports; photographs, x-rays or illustrations, or other personal health-related information regarding Plaintiff or any other individual about whom such information is discovered; and

       iv.    federal or state income tax returns or other financial information or any party.

2.    Unless otherwise ordered by the Court or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action pending before this Court or in litigation relating to the subject matter of the above-captioned action.

3.    In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

4.    Information or documents designated as "Confidential" shall not be disclosed to any person, except:

       a.    The requesting party and counsel;

       b.    Employees of such counsel assigned to and necessary to assist in the litigation;

    c.  Consultants or experts to the extent deemed necessary by counsel;

    d.  Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information;

    e.  The Court or the jury at trial or as exhibits to motions;

    f.  Any mediator retained by all affected parties, including such mediator's staff, provided the disclosure is made in the course of mediation; and

    g.  Reporters taking testimony and their support personnel.

  5.  Prior to disclosing or displaying the confidential information to any person, counsel shall:

    a.  Inform the person of the confidential nature of the information and documents; and

    b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

  6.  If any party inadvertently fails to designate any material as confidential information preproduction, it may correct its error at any time utilizing the following procedures.  Upon learning that confidential information was produced without the appropriate designation, the producing party will immediately provide notice of the omission to the receiving party and, at the producing party's option, either provide substituted copies of the confidential information appropriately marked or instruct the receiving party to mark the undesignated material with the appropriate legend.  Upon receiving notice of an omitted designation, it will be the duty of the receiving party to make all reasonable efforts to return all identified unmarked materials in its possession or in the possession of persons within that party's control (e.g., retained consultants) to

the designating party or to otherwise destroy the unmarked materials within ten business days of any written notice of an omitted designation, or to make all reasonable efforts to label the confidential information appropriately as requested by the designating party.

7. The confidential information may be displayed to and discussed with the persons identified in Paragraph 4(c), (d), and (f) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached as <u>Exhibit A</u>. In the event such person refuses to sign an agreement in the form attached as <u>Exhibit A</u>, the party desiring to disclose the confidential information may seek appropriate relief from this Court.

8. For the purposes of Paragraphs 4(d), (e), and (g) it is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law.

9. If a party wishes to file with the Court any document or transcript designated confidential, and the Party determines that the confidential information is not important to the party's intended use of the document, that party shall (1) redact the confidential information and (2) provide a redacted copy of the document/transcript to the producing party's counsel. As soon as reasonably possible but not later than three business days after receipt of such redactions, the producing party's counsel shall advise the redacting party whether they object to the public filing of the redacted document. If the producing party does so object, then the document shall be filed under seal, as herein described.

All materials designated as confidential in accordance with the terms of this Order that are filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing

4851-0592-7074.2                                  4

Case 5:20-cv-00012-KDB-DSC   Document 11   Filed 04/17/20   Page 4 of 6

any confidential information shall be filed under seal and kept under seal until further order of the Court.

10. Upon the conclusion of the litigation, the Court shall determine the ultimate disposition of any materials designated as confidential or otherwise protected by this Order. However, in the absence of a final Order of the Court addressing the disposition of confidential information, the parties agree to destroy or return within sixty days after the termination of this litigation, any and all documents in their possession or control containing information which is the subject of this Order, including without limitation, any copies or excerpts of such documents. Counsel for the parties may retain one copy of all documents to be kept in counsels' files and otherwise subject to the terms of this Order for the purposes of complying with the applicable rules of professional conduct.

11. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

12. The Court shall strictly enforce this Order, and any violation is punishable by the Court's contempt power, including the imposition of monetary sanctions.

**SO ORDERED.**

Signed: April 17, 2020

David S. Cayer
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

| | |
|---|---|
| ROBERT CLAY SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 5:20-cv-00012-KDB-DSC |
| ) | |
| BRANCH CIVIL, INC., ) | |
| ) | |
| Defendant. ) | |

## EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled, *Robert Clay Sanders v. Branch Civil, Inc.*, have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL" or "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

DATE:_____

_____

Signed in the presence of:

_____

(Attorney)