# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:20-CV-00012-KDB-DSC

| | |
|---|---|
| **ROBERT CLAY SANDERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **BRANCH CIVIL INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Defendant Branch Civil's Motion for Sanctions" (document #16). Plaintiff has not responded to the Motion and the time for filing a response has expired.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

The Court has carefully reviewed the parties' submissions, as well as the record and authorities. For the reasons stated in Defendant's brief, the Court respectfully recommends that the Motion be **GRANTED** and sanctions imposed as discussed below.

Following a call from defense counsel, the Court initially scheduled a telephonic discovery conference for August 31, 2020. The Court subsequently cancelled the conference after granting Plaintiff's counsel's Motion to Withdraw. Counsel represented that he could not obtain Plaintiff's cooperation in undertaking tasks associated with prosecution of the case. See document #13 and

August 30, 2020 Text Order granting counsel's Motion to Withdraw. The Court then instructed Defendant to file a formal Motion to Compel to address the discovery dispute.

Defendant filed its Motion to Compel and brief in support on September 3, 2020. Plaintiff did not respond to the Motion to Compel. On September 22, 2020, this Court granted Defendant's Motion to Compel. See "Order" (document #15). Specifically, the Court ordered that:

> "Defendant's Motion to Compel Plaintiff's Complete Responses to Defendant's Discovery Requests" (document # 14) is **GRANTED**. Within fourteen days of the date of this Order, Plaintiff shall serve complete supplemental responses to Defendant's First Set of Interrogatories, serve all documents responsive to Defendants First Set of Requests for Production, and serve all documents identified by Plaintiff in his Initial Disclosures.

Document #15 at 2 (emphasis in original). The Court also warned Plaintiff that failure to provide discovery as ordered may result in the imposition of sanctions as set forth in Fed. R. Civ. P. 37(b)(2)(A) including dismissal with prejudice. Id.

For the reasons stated in Defendant's brief, the Court finds that Plaintiff has not produced discovery as mandated by this Court's September 22, 2020 Order or contacted counsel for Defendant to request additional time to comply. See E.E.O.C. v. Altec Indus., Inc., 2012 WL 2295621, at *2 (W.D.N.C. June 18, 2012) (producing party "bears the burden of demonstrating" that responsive documents were produced as kept in the usual course of business or organized to correspond with discovery requests).

Defendant seeks sanctions under Rule 37(b)(2) as well as pursuant to the Court's inherent powers. See Fed. R. Civ. P. 37(b)(2) (sanctions for failing to obey discovery order); Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (court's inherent powers). Plaintiff's continued failure to comply raises an issue of bad faith. Sanctions are appropriate for violations of this Court's Order compelling discovery responses (document #15). See Rabb v. Amatex Corp., 769 F.2d 996, 999

(4th Cir. 1985) (Rule 37(b) sanctions apply to orders compelling discovery responses and "any order to provide or permit discovery" including pretrial orders).

### RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant Branch Civil's Motion for Sanctions" (document #16) be **GRANTED** and the Complaint dismissed with prejudice.

### NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Order to the pro se Plaintiff, counsel for Defendant, and to the Honorable Kenneth D. Bell.

**SO RECOMMENDED AND ORDERED**.

Signed: November 5, 2020

David S. Cayer
United States Magistrate Judge