IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:20-cv-00012-KDB-DSC

| | |
|---|---|
| ROBERT CLAY SANDERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER** |
| BRANCH CIVIL, INC., | ) ) ) |
| Defendant. | ) ) ) |

**THIS MATTER** is before the Court on Defendant Branch Civil's Motion for Sanctions ("Motion") (Doc. No. 16), and the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 17), recommending that the Motion be granted and the Complaint dismissed with prejudice. The parties have not filed an objection to the M&R, and the time for doing so has expired. Fed. R. Civ. P. 72(b)(2).

## I. BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985) (explaining the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised).

## II. STANDARD OF REVIEW

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of dispositive pretrial matters, including sanctions resulting in dismissal of the case. 28 U.S.C. § 636(b)(1). Any party

1

may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" and need not give any explanation for adopting the M&R. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Also, the Court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

Having carefully reviewed the Magistrate Judge's M&R, the relevant portions of the record and applicable legal authority, this Court is satisfied that there is no clear error as to the M&R, to which no objection was made. *Diamond,* 416 F.3d at 315. Accordingly, this Court will adopt the findings and recommendations set forth in the M&R as its own solely for the purpose of deciding this Motion and will grant Defendant's Motion and dismiss the Complaint with prejudice.

The Court should consider the following factors when deciding whether dismissal is an appropriate sanction: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into

the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Mutual Fed. Savings & Loan Ass'n v. Richards & Assoc., Inc.*, 872 F.2d 88 (4th Cir. 1989); *see also Collingsworth v. Coats Am., Inc.*, No. 1:04cv162, 2005 U.S. Dist. LEXIS 55645, at*6-7 (W.D.N.C. Aug. 16, 2005), *mem. & recommendation adop't*, 2005 U.S. Dist. LEXIS 56842 (W.D.N.C. Sept. 8, 2005).

First, Plaintiff has demonstrated bad faith by ignoring the Court's order compelling discovery, failing to comply with Defendant's legitimate discovery requests, and refusing to work cooperatively with his prior counsel who was attempting to assist him in complying with Defendant's discovery requests. *See Collingsworth*, 2005 U.S. Dist. LEXIS 55645, at *7 (finding that the plaintiff's failure to cooperate with her own attorney in the discovery process was evidence of bad faith).

Second, Defendant is substantially prejudiced by Plaintiff's non-compliance. To date, Plaintiff has not provided a single document or properly answered Defendant's discovery requests concerning the claims in this action. Clearly, without such information Defendant is unable to prepare a meaningful defense. *Id.* at *8.

Third, the Court finds that dismissal of this action will have a necessary deterrent effect on other litigants who decide to disregard orders and make no good faith effort in the discovery process. *See id.* ("Blatant disregard for court orders not only delays opposing parties and congests the court's docket, it sends a message to other litigants that court orders have no meaning, and stands as a challenge to the very will of the courts to govern their dockets."); *see also Mutual Fed. Savings & Loan Ass'n*, 872 F.2d at 92 ("[N]ot only does the noncomplying party jeopardize his or her adversary's case by such indifference, but to ignore such bold

3

challenges to the district court's power would encourage other litigants to flirt with similar conduct.").

Fourth, imposition of sanctions less than dismissal will have no impact on this Plaintiff as he has proven himself to be utterly irresponsive to the Court's order, Defendant's motions, and even efforts undertaken by his own former counsel. He has demonstrated no interest in furthering this litigation despite being warned that future non-compliance may result in dismissal with prejudice.

The Magistrate Judge made no recommendation as to attorney's fees and the Court will not award those at this time. The Court is mindful of Plaintiff's *pro se* status and recognizes that dismissal with prejudice should resolve this matter. If further proceedings become necessary due to Plaintiff's reappearance, the Court can revisit the issue of attorney's fees.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 17), is **ADOPTED**; and
2. Defendant's Motion, (Doc. No. 16), is **GRANTED;** and
3. The Complaint is **DISMISSED WITH PREJUDICE.**

**SO ORDERED.**

Signed: December 8, 2020

Kenneth D. Bell
United States District Judge